UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NICHOLAS D'ARTAGNAN DUMAS                    CIVIL ACTION

v.                                           NO. 20-2965

                                             c/w 20-2966

FEDERAL ELECTION COMMISSION, ET AL.          SECTION "F"

<u>ORDER AND REASONS</u>

On the eve of the 2020 presidential election, the plaintiff Nicholas D'Artagnan Dumas filed two election-related complaints in this Court.[1]  Among other impracticable remedies, Dumas "demand[s]" the Court's enjoinment of a national election in which nearly 100,000,000 Americans have already voted.  <u>See</u> Katie Glueck, *Early Votes Near 100 Million as Campaign Races to a Close*, N.Y. TIMES (Nov. 3, 2020).

While Dumas's pro se complaints are largely incomprehensible, he appears to assert – in essence - that the actions of a broad

---

[1]  Because they are substantively identical, the Court consolidates both complaints for review here.  The Court also observes that both complaints are technically deficient – namely, in their failure to bear a signature and failure to provide grounds for a finding of in forma pauperis status.  Regardless, in view of the urgency of the plaintiffs' complaints, which seek to enjoin an election *on election day*, the Court disregards the complaints' deficiencies and proceeds to rule as follows.

1

array of American entities[2] have combined to disenfranchise homeless individuals who lack a physical address.

Having conducted a prompt sua sponte review in light of the urgency of Dumas's requests, the Court finds that Dumas lacks standing to pursue his claims in federal court.

I.

"The party invoking federal jurisdiction bears the burden of establishing" standing to sue. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). "Over the years, [the Supreme Court's] cases have established that the irreducible constitutional minimum of standing contains three elements." Id. at 560. "First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical."'" Id. (citations omitted). "Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be 'fairly trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Id. (alterations in original) (quoting Simon v. E. Ky. Welfare Rights Org., 426 U.S. 41–42 (1976)). "Third, it must be

---

[2]    Including departments of motor vehicles, the United States Postal Service, private financial institutions, the IRS, and the Federal Election Commission.

'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"   Id. at 561 (quoting Simon, 426 U.S. at 38, 43).

Even at the pleading stage, where "general factual allegations of injury resulting from the defendant's conduct may suffice," Dumas's complaints do not establish any of these indispensable elements.   See id.

### A.   Injury in Fact

Dumas has not alleged a sufficiently concrete injury in fact. Indeed, his complaints offer little to no allegations of tangible harm he personally has suffered, but instead read more like incomprehensible academic projects regarding loosely understood "disenfranchisement of the American voter."   In his plea for immediate injunctive relief, Dumas does not specifically identify any "actual or imminent" injury he has suffered or may suffer as a result of the defendants' actions.   See Whitmore v. Arkansas, 495 U.S. 149, 155 (1990) ("The complainant must allege an injury to himself that is 'distinct and palpable,' as opposed to merely '[a]bstract.'" (alteration in original) (emphasis added) (citation omitted) (first quoting Warth v. Seldin, 422 U.S. 490, 501 (1975); then quoting O'Shea v. Littleton, 414 U.S. 488, 494 (1974))).

### B.   Causation

In a similar vein, Dumas does not state with any particularity or precision how the collective actions of the diverse group of

entities he has sued have caused any injury he has suffered. Article III's cases-or-controversies limitation "requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." Simon, 426 U.S. at 41–42. Here, Dumas's complaints fail to allege how his injuries can fairly be traced to the challenged actions of the defendants.

Whatever the merits of Dumas's causes of action, the Court is constitutionally barred from rendering advisory opinions in response to Dumas's free-wheeling complaints – and, to the extent his complaints might otherwise be justiciable, Dumas's theory of how the run-of-the-mill, presumably good faith, and well-accepted practices of such a diverse set of institutions combine to disenfranchise a broad swath of American citizens in a way that has heretofore gone uncorrected by the people's representatives is fanciful and underdeveloped.

### C.   Redressability

Likewise, it is unlikely that any injuries Dumas has alleged are redressable by "a properly framed judicial decree." See RICHARD H. FALLON, JR. ET AL., HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 101 (7th ed. 2015). For one, it is extremely doubtful that a federal district judge may lawfully enjoin a constitutionally mandated presidential election. Moreover, it is doubtful that any

retroactive relief could redress Dumas's disenfranchisement in this year's election.

\*   \*   \*

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Simon, 426 U.S. at 37.  Equally fundamental to our system of government are the quadrennial national elections in which we elect "a President of the United States of America."  See U.S. CONST. art. II, § 1.  With few exceptions, and for good reason, the criteria for determining the manner in which eligible individuals may participate in such elections is left to the political processes of the various States.

In light of these structural imperatives, a federal court must have a clear and clean rationale for intervening to disrupt this vital state of affairs.  Here, the plaintiff has urged the Court to enjoin today's presidential election in a haphazard manner, and has not established his standing to do so.

Accordingly, IT IS ORDERED: that the plaintiff's complaints in the consolidated actions captioned above are DISMISSED.

New Orleans, Louisiana, November 3, 2020

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE